IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONTALETO C. McKISSICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-1315-M |
| ) | |
| CHRIS HENDERSHOT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Montaleto McKissick has sued under 42 U.S.C. § 1983 for violation of the federal constitution and state law. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Nov. 21, 2007) ("Complaint"). Defendants Hendershot, Jackson, and Whetsel have filed dispositive motions,[1] and the Court should:

- grant summary judgment on the federal claims for failure to timely sue[2] and
- decline to exercise supplemental jurisdiction over the state law claims.

I.   BACKGROUND

In November 2001, Mr. McKissick was arrested and jailed at the Oklahoma County Detention Center. *See* Complaint at p. 2. During his incarceration, the Plaintiff allegedly

---

[1]   Defendant Hendershot and Jackson's Motion to Dismiss and Brief in Support (Jan. 11, 2008); Defendant Whetsel's Motion to Dismiss in his Official and Individual Capacity and Brief in Support (Jan. 11, 2008).

[2]   In urging dismissal, the Defendants relied in part on materials outside the complaint. Thus, the Court converted the documents to motions for dismissal or summary judgment in the alternative. Order (Apr. 22, 2008); *see* Fed. R. Civ. P. 12(d).

was attacked and beaten by Messrs. Jackson and Hendershot. *See id.* at pp. 2-2c. Mr. McKissick was transferred from the Oklahoma County Detention Center to the custody of the Department of Corrections on June 12, 2002. Defendant Hendershot and Jackson's Motion to Dismiss and Brief in Support, Attachment 1 at p. 9 (Jan. 11, 2008); Defendant Whetsel's Motion to Dismiss in his Official and Individual Capacity and Brief in Support, Attachment 1 at p. 9 (Jan. 11, 2008). As a result of the attack, the Plaintiff alleges multiple violations of the federal constitution and state law. Complaint at pp. 3-4a.

II.  STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When a defendant seeks summary judgment, the plaintiff "must go beyond [his] pleadings and present some evidence in support of [his] claims." *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1109 (10th Cir. 2008) (citation omitted). When the plaintiff presents such evidence, the Court views the record in the light most favorable to the non-movant. *See*, *e.g.*, *Faustin v. Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). But when only one reasonable outcome exists, summary judgment is necessary. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

III. THE FEDERAL CLAIMS: SUMMARY JUDGMENT ON GROUNDS OF TIMELINESS

The federal claims are untimely.

2

For these claims a two-year limitations period existed,[3] and the Plaintiff does not say when the misconduct had taken place.[4] But the alleged wrongdoing had to have taken place while Mr. McKissick was in the Oklahoma County Detention Center, and the undisputed evidence is that he left this facility on June 12, 2002. *See supra* p. 2. Thus, the causes of action against Messrs. Hendershot, Jackson, and Whetsel accrued at the latest by June 12, 2002.

In the absence of tolling, the limitations period would have expired June 14, 2004,[5] and Mr. McKissick did not file the complaint until November 2007.[6] Thus, the Court should regard the action as untimely unless Mr. McKissick can invoke some form of tolling.

---

[3]  *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (concluding that in Oklahoma, the limitations period for Section 1983 actions is two years).

[4]  The Plaintiff alleges that the incident occurred "after being jailed," but he does not allege a precise date. *See* Complaint at p. 2. As a result, the incident could have occurred at any time during his incarceration at the Oklahoma County Detention Center.

[5]  The two-year period ended on June 12, 2004. Because this date fell on a Saturday, the Plaintiff was entitled to wait until the following Monday to file his complaint. *See* Fed. R. Civ. P. 6(a).

[6]  The complaint was file-stamped on November 21, 2007. *See* Complaint at p. 1. But the document contains a verification dated November 6, 2007, and the complaint is deemed "filed" when the Plaintiff had given it to prison authorities for mailing. *See Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005) (holding "that the prison mailbox rule articulated in [*Houston v. Lack*, 487 U.S. 266 (1988)] applies equally to an inmate's filing of a civil rights complaint" (footnote omitted)). The Court may assume *arguendo* that Mr. McKissick had given the complaint to prison officials for mailing on November 6, 2007.

According to Mr. McKissick, the limitations period should be extended because of a legal disability.[7] This argument is invalid.

The availability of tolling is governed by state law. *See Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (stating that in a Section 1983 action, state law governs tolling of the limitations period). In Oklahoma, exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995) (footnote omitted). Strictly construing Oklahoma law, no conceivable basis exists for tolling of the limitations period based on a legal disability.

According to Mr. McKissick, "overcrowding prison conditions throughout the Oklahoma Department of Corrections" prevented necessary "legal assistance to research, prepare, and file his claim . . . ." Plaintiff's Consolidated Response to Defendants Motion to Dismiss and Answer to Plaintiffs 1983 Civil Rights Complaint at pp. 2-3 (Mar. 21, 2008). The Court should reject this argument.

---

[7] In a response brief and affidavit, Mr. McKissick states that he had not understood his rights and was ignorant of the law. Plaintiff's Consolidated Response to Defendants [sic] Motion to Dismiss and Answer to Plaintiffs [sic] 1983 Civil Rights Complaint at p. 3 (Mar. 21, 2008); Affidavit of the Plaintiff at p. 1 (executed Mar. 18, 2008). The Court could conceivably interpret these statements as arguments for equitable tolling distinct from the alleged disability. But Mr. McKissick's statements about his lack of understanding and legal ignorance would not justify tolling. *See McCoy v. Damron*, 9 Fed. Appx. 994, 996 (10th Cir. June 7, 2001) (unpublished op.) (holding in a Section 1983 claim that a *pro se* inmate's ignorance of the law would not justify tolling under Oklahoma law); *see also Johnson v. National Carriers, Inc.*, 2006 WL 3300761, Westlaw op. at 2, 4 (W.D. Okla. Nov. 13, 2006) (unpublished op.) (holding that under Oklahoma law, "plaintiff's ignorance of the law is not a ground for tolling" of the limitations period for a defamation suit).

Under Oklahoma law, tolling may be available if the claimant had a "legal disability" when the cause of action accrued. Okla. Stat. tit. 12 § 96 (2001). In Oklahoma, the term "legal disability" refers to incompetency or status as a minor. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004) (stating that Oklahoma courts have applied Okla. Stat. tit. 12 § 96 "only for plaintiffs whose competency is impaired or who have not reached the age of majority" (citations omitted)). Thus, state and federal courts in Oklahoma have not regarded prisoner status as a "legal disability."[8]

As noted above, the Plaintiff claims that he could not timely sue because of a lack of legal assistance in prison. *See supra* p. 4. But the Plaintiff's alleged lack of assistance would not entail the existence of a legal disability through incompetency or status as a minor. Thus, in applying Oklahoma law, the Tenth Circuit Court of Appeals has squarely rejected a prisoner's argument for tolling under Okla. Stat. tit. 12 § 96 based on inadequate access to the courts because of the conditions of his confinement, lack of legal expertise, and restricted access to legal materials. *See Miskovsky v. Gray*, 109 Fed. Appx. 245, 248-49 (10th Cir. Aug. 27, 2004) (unpublished op.) (conditions of confinement); *Ames v. Oklahoma*, 158 Fed. Appx. 114, 117 (10th Cir. Dec. 7, 2005) (unpublished op.) (lack of legal expertise and restricted access to legal materials). Although these decisions were unpublished, they are

---

[8] *See Oklahoma v. Seven Hundred Twenty Five Dollars*, 136 P.3d 1076, 1079-80 (Okla. Civ. App. 2006) (rejecting the plaintiff's argument that incarceration constitutes a "legal disability" under Okla. Stat. tit. 12 § 96 because prisoner status differs from "other time-honored legal disabilities such as minority or mental incapacity"); *Ames v. Oklahoma*, 158 Fed. Appx. 114, 117 (10th Cir. Dec. 7, 2005) (unpublished op.) (rejecting an argument that "incarceration amounts to a 'legal disability'" under Okla. Stat. tit. 12 § 96).

persuasive here because of the similarity in the Plaintiff's arguments.[9] Under the Tenth Circuit's prior case law, the alleged overcrowding and lack of legal help for Mr. McKissick would not justify equitable tolling under Oklahoma law.

Mr. McKissick's arguments are invalid and the limitations period expired on June 14, 2004. Because he waited to sue until November 2007,[10] the Defendants are entitled to summary judgment on the federal claims.

## IV. THE STATE CLAIMS: SUPPLEMENTAL JURISDICTION

Mr. McKissick has also asserted state law claims. *See supra* p. 2. These claims should be dismissed without prejudice.

Federal law permits the Court to decline supplemental jurisdiction[11] over state law claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (2000). The Court should consider "'judicial economy, convenience, and fairness to the litigants'" in determining whether to exercise supplemental jurisdiction. *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1550 (10th Cir. 1996) (citation omitted).

---

[9]  *See Tesh v. United States Postal Service*, 349 F.3d 1270, 1273 (10th Cir. 2003) (regarding a prior unpublished decision of the Tenth Circuit Court of Appeals as "persuasive . . . because of the similarity" in the "legal arguments" presented).

[10]  *See supra* note 6.

[11]  The facts pled would not support diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (2000). Such jurisdiction exists only when the plaintiff is not a citizen of the same state as any defendant, and Mr. McKissick indicates that all of the parties are citizens of Oklahoma. *See* Complaint at pp. 1-2a; *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

As discussed elsewhere the Court should grant summary judgment on Mr. McKissick's federal claims,[12] and the proceedings are at an early stage. Under these circumstances, the Court should decline supplemental jurisdiction and dismiss the state claims without prejudice to refiling.[13]

V.     RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should:

- grant summary judgment to the Defendants on the federal claims based on timeliness and

- decline supplemental jurisdiction over the state law claims.

Mr. McKissick may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636( b)(1) (2000). The deadline for objections is July 28, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

---

[12]     *See supra* pp. 2-6.

[13]     *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice" (footnote omitted)).

VI.   STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 8th day of July, 2008.

_____
Robert E. Bacharach
United States Magistrate Judge